**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
TIMOTHY ADAMS,                      :
                                    :  Civil Action No. 06-1477 (RBK)
            Petitioner,             :
                                    :
       v.                           :       **O P I N I O N**
                                    :
WARDEN MINER,                       :
                                    :
            Respondent.             :
_____ :

**APPEARANCES:**

     Timothy Adams, Petitioner pro se
     # 42380-019
     F.C.I. Fairton
     P.O. Box 420
     Fairton, NJ 08320

**KUGLER**, District Judge

     Petitioner Timothy Adams, a prisoner currently confined at the Federal Correctional Institution, Fairton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  Because it appears that this Court lacks jurisdiction to consider this petition, and that it is not in the

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the
Supreme Court, any justice thereof, the district courts
and any circuit judge within their respective
jurisdictions.
(c) The writ of habeas corpus shall not extend to a
prisoner unless-- ... (3) He is in custody in violation
of the Constitution or laws or treaties of the United
States ... .

interest of justice to transfer it, the Court will dismiss the petition.  See 28 U.S.C. §§ 1631, 2243, 2244(a), 2255.

## BACKGROUND

The following facts are obtained from the petition and exhibits to the petition and are assumed true for purposes of this decision.

In 1995, Petitioner was convicted on conspiracy to distribute and to possess with intent to distribute a controlled substance and sentenced to life imprisonment by the United States District Court, Middle District of North Carolina.  Petitioner appealed his conviction, which was affirmed by the Court of Appeals for the Fourth Circuit.  The United States Supreme Court denied Petitioner certiorari in February 1997.

Subsequently, Petitioner filed a motion under 28 U.S.C. § 2255.[2]  The motion was denied by the United States District Court,

---

[2]  Title 28 of the United States Code, section 2255 states, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

Middle District of North Carolina on January 27, 1999, and said denial was affirmed by the Court of Appeals for the Fourth Circuit on June 24, 1999.

Petitioner now files this action under 28 U.S.C. § 2241. He states that he cannot proceed under § 2255

> because the District Court [for the Middle District of North Carolina] did not proceed in conformity with Section 2255 when it made findings on controverted issues of fact relating to a fraudulent ex parte affidavit without an evidentiary hearing[,] and Section 2255 is inadequate or ineffective to test the legality of Petitioner's detention when the District Court [for the Middle District of North Carolina] decided Petitioner's related Rule 60(b) motions on ex parte fraudulent affidavits without an evidentiary hearing and without deciding whether attorney Alexander's affidavit constituted fraud upon the court.

Pet. § 12.

## DISCUSSION

**A.   Standard of Review**

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520

(1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).  See also 28 U.S.C. §§ 2243, 2255.

**B.   Petitioner's Claims**

Section 2255, which allows collateral review of the sentences of federal prisoners, has been the usual avenue for federal prisoners seeking to challenge the legality of their confinement. See In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); see also United States v. Walker, 980 F. Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is being executed should be brought under § 2241).

This Court finds that although Petitioner styled the instant petition seeking relief under § 2241, the grounds for relief asserted are more properly brought in a motion under § 2255,

because these grounds challenge the legality of his conviction as imposed by the United States District Court for the Middle District of North Carolina.  Therefore, the instant petition should be dismissed for lack of jurisdiction.

In an effort to overcome the procedural bars of § 2255, Petitioner argues that this Court has jurisdiction to review his application under § 2241 because (1) Petitioner's § 2255 application to the Middle District of North Carolina was not treated substantively and/or procedurally in the fashion that Petitioner deems legally proper, and (2) Petitioner is procedurally barred from bringing a § 2255 motion, as any § 2255 motion would be second and successive.

The United States Court of Appeals for the Third Circuit has recognized that, under certain very rare situations, a prisoner who cannot satisfy the gate-keeping requirements of § 2255 should be permitted to proceed under § 2241, which has neither a limitations period nor a proscription against the filing of successive petitions.  See Dorsainvil, 119 F.3d at 251.  The Dorsainvil exception, which addresses what makes a § 2255 motion "inadequate and ineffective," is satisfied only "where the denial of a habeas action would raise serious constitutional issues."  See Triestman v. United States, 124 F.3d 361, 377 (2d Cir. 1997); Dorsainvil, 119 F.3d at 249.  The Dorsainvil exception is extremely narrow, and not applicable here: Petitioner's dissatisfaction with the outcome of

his § 2255 application is distinguishable from <u>Dorsainvil</u>'s unique case where the intervening change in the law "made the crime for which [the] petitioner was convicted non-criminal." <u>Id.</u> at 120-21.

Since Petitioner makes no argument that the conduct for which he was convicted is no longer criminal due to an intervening change in the law, the <u>Dorsainvil</u> exception does not apply to the instant case, and the petition should be dismissed for lack of jurisdiction.[3]

---

[3] Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. However, once a petitioner has filed one § 2255 motion, he may not file a second or successive motion unless he first obtains a certification from a panel of the appropriate Court of Appeals permitting him to do so on the grounds of (1) newly discovered evidence that would clearly and convincingly negate the possibility that a reasonable fact finder would have found the movant guilty of the offense charged, or (2) a previously unavailable and retroactively applicable new rule of constitutional law. <u>See</u> <u>id.</u> In this case, Petitioner fails to present any circumstances that would entitle him in the interest of justice to a transfer of his petition to the Court of Appeals for the Fourth Circuit for certification as a second or successive § 2255 motions. Petitioner has previously presented the claims in the instant petition to the Court of Appeals for the Fourth Circuit, and was denied relief.

Finally, while this Court is classifying the claims asserted by Petitioner as § 2255 claims, no <u>Miller</u> notice and order is necessary to afford Petitioner an opportunity to raise additional § 2255 grounds. <u>See</u> <u>United States v. Miller</u>, 197 F.3d 644 (3d Cir. 1999). The purpose of the <u>Miller</u> notice is to warn petitioners that all claims must be raised in a single § 2255 petition, as petitioners will be barred from raising claims in a second or successive petition without certification from the Court of Appeals. Because Petitioner in this case has already filed a § 2255 motion which was addressed by the sentencing court, as well as the Court of Appeals for the Fourth Circuit, no purpose would be

**CONCLUSION**

Based upon the foregoing, Petitioner's application for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, is hereby dismissed for lack of jurisdiction. An appropriate Order accompanies this Opinion.

                S/Robert B. Kugler
                **ROBERT B. KUGLER**
                **United States District Judge**

Dated: April 7, 2006

---

served by a Miller notice.